UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. 0:12-cv-60430-COHN/SELTZER

SPACE COAST CREDIT UNION, as
Successor-in-Interest to EASTERN
FINANCIAL FLORIDA CREDIT UNION,

     Plaintiff,

  vs.

MERRILL LYNCH, PIERCE, FENNER &
SMITH INCORPORATED, *et al*.

     Defendants.

_____

**PLAINTIFF'S MOTION TO STAY PROCEEDINGS
TO ALLOW LEAVE TO FILE AN AMENDED COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

   Plaintiff Space Coast Credit Union ("Plaintiff") respectfully moves to stay proceedings in this action (the "Motion") for a period of thirty (30) days to allow Plaintiff the opportunity to move for leave to file an amended complaint, for the reasons set forth below.

**MEMORANDUM OF LAW**

**I. PRELIMINARY STATEMENT**

   On February 6, 2012, Plaintiff filed a Complaint for Violations of Florida Law (the "Complaint") bringing securities claims against certain investment banks (the "Bank Defendants") and credit ratings agencies (the "Rating Agency Defendants") (collectively, "Defendants") concerning Plaintiff's purchase of certain collateralized debt obligations ("CDOs") created,

marketed, and sold by Defendants (the "Defendant CDOs"). Defendants collaborated to knowingly

assign false "investment grade" credit ratings to the Defendant CDOs, grossly misrepresenting their

true quality, risk profile, and composition. Contrary to these false ratings, the Defendant CDOs were

highly risky, filled with low quality collateral, and ultimately collapsed, causing Plaintiff over $100

million in damages.

On February 4, 2013, following an extensive investigation, the United States Department of

Justice (the "DOJ") filed a civil lawsuit (the "DOJ Complaint") against McGraw-Hill Companies,

Inc. and its wholly owned subsidiary, Standard & Poor's Financial Services LLC (collectively,

"S&P"),[1] that substantiates many of Plaintiff's theories and allegations in the instant case. The DOJ

Complaint, attached hereto as Exhibit A, alleges that S&P collaborated with investment banks in a

scheme to defraud Plaintiff and other investors in CDOs and residential mortgage-backed securities

("RMBS") by misrepresenting the true risks of such securities. The DOJ Complaint further alleges

that S&P misrepresented to Plaintiff and other investors that its ratings were objective, independent,

and free of influence from investment banks when, in reality, S&P's desire for increased revenue and

market share caused it to manipulate its ratings in order to favor such investment banks over

investors. The DOJ Complaint specifically names Plaintiff as an investor victimized by this scheme,

and identifies certain of the Defendant CDOs as examples of securities falsely rated and marketed by

S&P.

Accordingly, Plaintiff wishes to file an amended complaint to incorporate information from

the DOJ Complaint. In addition, Plaintiff wishes to supplement its amendment with information

---

[1]     McGraw-Hill Companies, Inc. and Standard & Poor's Financial Services LLC (d.b.a.
Standard & Poor's Ratings Services) collectively represent one of the Rating Agency Defendants in
the action before this Court. These entities are defined collectively as "S&P" both in this Motion
and in the Complaint.

from other documents recently obtained by Plaintiff's counsel, including marketing material, offering documents, reports, and e-mail correspondence relating to the Defendant CDOs. Plaintiff believes that such amendment will strengthen the merits of Plaintiff's allegations and defeat many of the arguments raised by Defendants in their motions to dismiss.

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave" if more than twenty-one (21) days have passed since a motion to dismiss the pleading was served. "The court should freely give leave [to amend] when justice so requires." *Id.* A party who moves to amend "shall attach the original of the amendment to the motion" pursuant to this District's Local Rule 15.1.

In light of these requirements, Plaintiff requests that the Court stay proceedings in this action for thirty (30) days to allow Plaintiff to prepare an amended complaint to incorporate facts derived from the DOJ Complaint and the supplemental materials referenced above. Within this thirty-day period, Plaintiff will move this Court for leave to file an amended complaint pursuant to Rule 15(a)(2) and the requirements set forth in Local Rule 15.1.

## II.    STATEMENT OF RELEVANT FACTS

### A.    Procedural History

On February 6, 2012, Plaintiff filed its Complaint against Defendants. Dkt. No. 1-2.

On April 27, 2012, each Defendant filed a separate motion to dismiss the Complaint, and the Bank Defendants jointly filed an omnibus motion to dismiss. Dkt. Nos. 57-66; *see also* Dkt. No. 69 (corrections to one such motion). Plaintiff's omnibus opposition to such motions was filed on June 29, 2012. Dkt. No. 75. Defendants' reply briefs were filed on August 13, 2012. Dkt. Nos. 82-90.[2]

---

[2]    In addition, Defendants recently have filed notices of supplemental authority that allegedly support certain arguments raised in their motions to dismiss. Plaintiff has not responded to these

On January 30, 2013, the parties jointly moved for a stay of discovery pending ruling on Defendants' motions to dismiss.  Dkt. No. 94.  The stay of discovery was granted on February 5, 2013.  Dkt. No. 95.

**B.     Recent Litigation Filed by the DOJ Presents New Evidence Substantiating Plaintiff's Allegations**

On February 4, 2013, the DOJ Complaint was filed in the United States District Court for the Central District of California.  *See* <u>Exhibit A</u>.  The DOJ Complaint alleges that S&P engaged in a scheme to defraud investors by misrepresenting the true risks of CDOs and RMBS rated by S&P. The DOJ Complaint also alleges that S&P misrepresented to Plaintiff and other investors that its ratings were objective, independent, and free of influence from investment banks when, in reality, S&P's desire for increased revenue and market share caused it to manipulate its ratings in order to favor such investment banks over investors.  The DOJ Complaint specifically names Plaintiff as a victim of this scheme, and references certain of the Defendant CDOs purchased by Plaintiff as examples of the many falsely rated securities marketed to investors pursuant to this scheme.

The allegations in the DOJ Complaint are supported by a substantial body of evidence uncovered during an extensive DOJ investigation of S&P.  For example, the DOJ Complaint describes numerous documents and correspondence in which S&P discussed the manipulation of its credit rating models and criteria in order to preserve profits, market share, and relationships with its investment bank clients.  The DOJ also uncovered evidence of communications from investment banks that influenced S&P to manipulate its rating methodology to preserve market share.  Other e-

---

notices because Plaintiff anticipates that Defendants will move to dismiss the amended complaint and such authority will be incorporated into their motions to dismiss and appropriately addressed in the briefing thereon.  Plaintiff's lack of response at this juncture is not a concession that such authority is controlling, persuasive, or otherwise supports dismissal of this action.

mails show that S&P knew its credit ratings were severely flawed, misrepresenting the risk of CDOs and RMBS, and that such ratings were not being downgraded in a timely manner.  The DOJ Complaint also alleges that Plaintiff and other federally insured financial institutions relied on S&P's faulty ratings to their detriment, ultimately losing millions of dollars.

Accordingly, Plaintiff wishes to file an amended complaint to incorporate pertinent facts derived from the DOJ Complaint.  Plaintiff believes that such amendment will strengthen the merits of Plaintiff's allegations and counter many of the arguments raised by Defendants in their motions to dismiss.

### C.        Additional Documents Further Substantiate Plaintiff's Allegations

Plaintiff's counsel recently obtained additional documents that further support allegations set forth in the Complaint.  These documents also complement information from the DOJ Complaint described above.  Accordingly, when Plaintiff amends the Complaint to incorporate evidence from the DOJ Complaint, it wishes to include evidence from these additional documents as well.

These documents provide information on matters related to the Defendant CDOs, including Plaintiff's transactions and communications with Defendants regarding the Defendant CDOs.  They include offering documents, marketing materials, reports, and e-mails between Plaintiff and Defendants regarding the Defendant CDOs.  In conjunction with the DOJ evidence, these documents will bolster Plaintiff's claims, facilitate this Court's review and analysis of such claims, and counter many of the arguments raised in Defendants' motions to dismiss.

## III.     ARGUMENT

Plaintiff respectfully requests a thirty-day stay of proceedings to allow sufficient time to cogently incorporate this substantial body of new evidence into an amended complaint, which Plaintiff will then attach to a motion for leave to amend as required by Local Rule 15.1.  The U.S. Supreme Court has declared that "the power to stay proceedings is incidental to the power inherent

in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997). As such, "[f]ederal courts may exercise their discretion to stay proceedings when a stay would promote judicial economy and efficiency." *Cypress Chase Condo. Ass'n A v. QBE Ins. Corp.*, No. 10-61987-CIV, 2011 WL 1544860, at *5 (S.D. Fla. Apr. 15, 2011) (Cohn, J.) (citing *Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1197-98 (11th Cir. 2009), and granting a motion to stay based on this principle); *200 Leslie Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-61984-CIV, 2011 WL 2470344, at *15 (S.D. Fla. June 21, 2011) (Rosenbaum, J.) (same).

The instant Motion seeks to advance the same principles of judicial economy and efficiency discussed in these cases. The Motion puts the Court and all parties on notice, at the earliest time possible, of Plaintiff's intention to amend the Complaint. Granting the Motion will ensure that this Court avoids any unnecessary work on the initial Complaint and instead focuses on the amended complaint, which will be a superior pleading inclusive of the new probative evidence described above. The new evidence in the amended complaint will supplement this Court's review and analysis and address many of the arguments raised on Defendants' motions to dismiss

The Motion is also justified by its limited scope and duration. To evaluate the merits of a stay, courts consider "both the scope of the stay (including its potential duration) and the reasons cited." *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). Courts have rejected motions to stay because the requested stay periods were indefinite or excessive. *See, e.g.*, *id.* at 1264 (rejecting a stay because it was indefinite); *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (same); *see also Spencer v. Coventry Health and Life Ins. Co.*, No. CIV A 07-0847-WS-M, 2008 WL 719211 (S.D. Ala. Mar. 14, 2008) (granting

a stay because its duration of roughly five (5) to eight (8) months was reasonable).  In sharp contrast, Plaintiff proposes a reasonable stay of thirty (30) days to expeditiously amend the Complaint.  This short stay will cause no undue hardship, delay, or prejudice to Defendants.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court stay proceedings in this action for thirty (30) days to allow Plaintiff an opportunity to move for leave to file an amended complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and Local Rule 15.1.

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)</u>

In accordance with Local Rule 7.1(a)(3), the undersigned counsel for Plaintiff certifies that, prior to the filing of this Motion, they conferred with counsel for Defendants in a good faith effort to resolve by agreement the issues raised in this Motion, but were unable to do so.  Plaintiff's counsel was advised that Defendants do not consent to the relief requested in this Motion.

Respectfully submitted this 15th day of March, 2013.

ROBBINS GELLER RUDMAN
  & DOWD LLP
JACK REISE (FBN 58149)
ELIZABETH A. SHONSON (FBN 22282)
SABRINA E. TIRABASSI (FBN 25521)
JESSE S. JOHNSON (FBN 69154)
ANDREW T. REES (FBN 62247)


*/s/ Jack Reise*
JACK REISE

120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
jreise@rgrdlaw.com
eshonson@rgrdlaw.com
stirabassi@rgrdlaw.com
jjohnson@rgrdlaw.com
arees@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
ERIN W. BOARDMAN (*pro hac vice*)
MARK T. MILLKEY (*pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  1177
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
eboardman@rgrdlaw.com
mmillkey@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON C. DAVIS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
jdavis@rgrdlaw.com

*Attorneys for Plaintiff Space Coast Credit Union*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 15th day of March, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.



*/s/ Jack Reise*
JACK REISE

## SERVICE LIST

HUNTON & WILLIAMS
Samuel A. Danon
Corey Lee
1111 Brickell Ave., Suite 2500
Miami, FL 33131
Telephone:  (305) 810-2500
Facsimile:  (305) 810-2460
sdanon@hunton.com
leec@hunton.com

MUNGER, TOLLES & OLSON LLP
Marc T.G. Dworsky
George M. Garvey
Aaron S. Lowenstein
355 S. Grand Ave., 35th Floor
Los Angeles, CA 90071
Telephone:  (213) 683-9100
Facsimile:  (213) 683-5153
marc.dworsky@mto.com
george.garvey@mto.com
aaron.lowenstein@mto.com

*Attorneys for Defendants Merrill
Lynch, Pierce, Fenner & Smith
Incorporated*

CARLTON FIELDS, P.A.
Kevin P. McCoy
Samuel J. Salario, Jr.
4221 W Boy Scout Blvd., Suite 1000
Tampa, FL 33607
Telephone:  (813) 229-4272
Facsimile:  (813) 229-4133
kmccoy@carltonfields.com
ssalario@carltonfields.com

*Attorneys for Defendant Wells Fargo
Securities LLC*

GREENBERG TRAURIG, P.A.
David A. Coulson
Joshua B. Feinberg
333 SE 2nd Ave., Suite 4400
Miami, FL 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
coulsond@gtlaw.com
feinbergj@gtlaw.com

GREENBERG TRAURIG, LLP
Richard A. Edlin
Anastasia A. Angelova
MetLife Building
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
edlinr@gtlaw.com
angelovaa@gtlaw.com

GREENBERG TRAURIG, P.A.
Glenn E. Goldstein
401 E. Las Olas Blvd., Suite 2000
Ft. Lauderdale, FL 33301
Telephone: (954) 765-0500
Facsimile: (954) 765-1477
goldsteing@gtlaw.com

*Attorneys for Defendant JP Morgan
Securities LLC (sued herein as JP
Morgan Securities Inc.)*

LEVINE KELLOGG LEHMAN
SCHNEIDER & GROSSMAN
LLP
Lawrence Allan Kellogg
201 S. Biscayne Blvd., 34th Floor
Miami, FL 33131
Telephone:  (305) 403-8788
Facsimile:  (305) 403-8789
lak@lkllaw.com

SULLIVAN & CROMWELL
LLP
Steven T. Rappoport
Justin J. DeCamp
Mathew A. Schwartz
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
rappoports@sullcrom.com
decampj@sullcrom.com
schwartzmatthew@sullcrom.com

*Attorneys for Defendant UBS Securities
LLC*

BOIES SCHILLER & FLEXNER
Sigrid Stone McCawley
David Nelson
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL  33301
Telephone:  (954) 356-0011
Facsimile:  (954) 356-0022
smccawley@bsfllp.com
dnelson@bsfllp.com

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
Meredith E. Kotler
Arminda B. Bepko
One Liberty Plaza
New York, NY  10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
mkotler@cgsh.com
abepko@cgsh.com

*Attorneys for Defendant Barclays Capital
Inc.*

# EXHIBIT A