UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. 0:12-cv-60430-COHN/SELTZER

SPACE COAST CREDIT UNION, as
Successor-in-Interest to EASTERN
FINANCIAL FLORIDA CREDIT UNION,

                              Plaintiff,

    vs.

THE MCGRAW HILL COMPANIES, INC.
(formerly d/b/a STANDARD & POOR'S
RATINGS SERVICES), MOODY'S
INVESTORS SERVICE, INC., J.P. MORGAN
SECURITIES INC. (f/k/a BEAR STEARNS &
CO., INC.), UBS SECURITIES LLC,
MERRILL LYNCH, PIERCE, FENNER &
SMITH INCORPORATED and BARCLAYS
CAPITAL INC.,

                              Defendants.

_____/

SPACE COAST CREDIT UNION'S REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF ITS MOTION TO TAKE LIMITED JURISDICTIONAL
DISCOVERY FROM MOODY'S INVESTORS SERVICE, INC.

Plaintiff Space Coast Credit Union ("Plaintiff"), the successor in interest to Eastern Financial Credit Union, respectfully submits this reply memorandum of law in further support of its motion for contingent, limited jurisdictional discovery [DE 131].

## INTRODUCTION

Plaintiff does not believe, and has never believed, it needs discovery to satisfy its limited burden to plead a *prima facie* case of personal jurisdiction over Moody's Investors Service, Inc. ("Moody's"). Both in response to Moody's first motion to dismiss, and even more so now, Plaintiff has submitted a mountain of competent evidence: (1) documenting Moody's course of conduct in Florida, both generally and in relation to Plaintiff; and (2) establishing both general and specific jurisdiction over Moody's under Florida law.[1] Thus, Plaintiff has filed this motion only for limited, contingent relief. Only to the extent the Court deems Plaintiff's jurisdictional showing to be inadequate in some way, Plaintiff respectfully requests limited jurisdictional discovery to address the Court's specific concerns.

As discussed below, none of Moody's arguments have merit.

## ARGUMENT

### A.  Plaintiff's Motion Is Timely

Moody's contends that, because Plaintiff did not request jurisdictional discovery months ago, its motion is untimely. *See* Def. Mem. at 2-3.[2] This argument assumes Plaintiff is requesting

---

[1]   *See* Exhs. 1-19 to Declaration of Jack Reise in Support of Plaintiff Space Coast Credit Union's Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss the Amended Complaint [DE 130]; *see also* Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss the Amended Complaint [DE 127] ("Pl. Opp. Mem.") at 114-29.

[2]   "Def. Mem." refers to Moody's Investors Service, Inc.'s Memorandum of Law in Opposition to Plaintiff's Motion to Take Limited Jurisdictional Discovery [DE 134].

*general* jurisdictional discovery. But because Plaintiff has already made a thorough showing of jurisdiction based upon Moody's own documents and publicly available information, Plaintiff is requesting only limited discovery contingent on an unlikely future event – a ruling against Plaintiff on personal jurisdiction. There would have been no point in seeking this relief at any earlier time.[3]

Numerous decisions both in this district and elsewhere in Florida have granted the same relief as that requested here. *See, e.g.*, *Bolton v. Bosley, Inc.*, 2013 U.S. Dist. LEXIS 91988, at *8-*9 (S.D. Fla. June 28, 2013) (granting plaintiff's "request to withhold determination on the issue of personal jurisdiction" pending "limited jurisdictional discovery"); *Holsapple v. Strong Indus., Inc.*, 2013 U.S. Dist. LEXIS 37689, at *19 (M.D. Fla. Mar. 19, 2013) (granting motion to dismiss for lack of personal jurisdiction without prejudice, but permitting "jurisdictional discovery to include facts relevant to whether there is specific or general jurisdiction"); *Exhibit Icons, LLC v. XP Cos., LLC*, 2008 U.S. Dist. LEXIS 15971, at *5-*6 (S.D. Fla. Mar. 3, 2008) (granting plaintiffs' motion, made in the midst of motion-to-dismiss briefing on the question of personal jurisdiction, for jurisdictional discovery).

Moody's relies on readily distinguishable cases where the plaintiffs made no credible showing of personal jurisdiction, and yet failed to timely request general jurisdictional discovery. In *United Technologies Corp. v. Mazer*, 556 F.3d 1260 (11th Cir. 2009) ("*Mazer*"), the defendant submitted the affidavit of its managing director denying, "in detail, that [the defendant] conducted business in Florida." *Id.* at 1268, 1275 n.16. In response, and in stark contrast to Plaintiff here, the plaintiff in *Mazer* "provided no evidence to the contrary," *id.* at 1275, but rather relied upon a single

---

[3] And, given the breadth and depth of publicly available information about Moody's business interests in Florida, there was no point in seeking general jurisdictional discovery *at all*. Such discovery would have needlessly wasted the parties' time and efforts.

document that the Court characterized as incompetent "hearsay within hearsay." *Id.* at 1269, 1280. Furthermore, the Court noted that the one connection the plaintiff did allege between the defendant and Florida "appear[ed] to have been personal in nature, unrelated to [business]," *id.* at 1275, and that the plaintiff – unlike Plaintiff here – had not alleged any claim of injury in Florida. *Id.* at 1269. Finally, the plaintiff "never formally moved the district court for jurisdictional discovery but, instead, buried such requests in its briefs." *Id.* at 1280. Thus, *Mazer* offers significantly different facts from those before the Court in this case.

The same is true of *Henriquez v. El Pais Q'Hubocali.com*, 500 F. App'x 824 (11th Cir. 2012), in which the plaintiff, a Georgia citizen, sued Colombian defendants alleging defamatory material in Spanish newspapers published in Colombia, an online version of which was visible in Georgia. *Id.* at 825. The Court found that, far from showing that the Colombian defendants regularly conducted or solicited business in Georgia, or derived substantial revenue in Georgia, the "only alleged contact with Georgia consisted of displaying advertisements of various companies on [the defendants'] Internet websites, including advertisements of a company based in Georgia." *Id.* at 828-29. The Court noted that there was "no allegation, much less evidence, that the defendants secured these advertisements directly from companies in Georgia," and in fact the Court concluded that they had not. *Id.* at 829. Given the paucity of evidence provided by the plaintiff, and the plaintiff's failure to formally move for general jurisdictional discovery, the Court affirmed the district court's denial of the plaintiff's belated and informal request for discovery. *Id.* at 830.

Here, by contrast, where Plaintiff has submitted an abundance of evidence establishing its personal jurisdiction over Moody's, there is no need for the kind of general jurisdictional discovery

required, but not timely or properly requested, in *Mazer* and *Henriquez*. Thus, Plaintiff's formal request for limited, contingent discovery is entirely appropriate.

### B. Plaintiff Complied with Local Rule 7.1(a)(3)

Moody's also claims that Plaintiff failed to comply with Local Rule 7.1(a)(3), despite its counsel's email correspondence with Moody's counsel the night before this motion was filed, purportedly because Plaintiff's counsel did not attempt "to see whether Moody's would agree to some limited form of jurisdictional discovery." Def. Mem. at 3. As a logical matter, however, there was no point in asking that specific question. Because a stay of discovery was in place [*see* DE 95],[4] Moody's could not provide any discovery, however limited, without violating the stay.

Nonetheless, in an email sent approximately 24 hours before this motion was filed, Plaintiff's counsel apprised Moody's of its intention to file "a short motion tomorrow alongside its opposition [to Moody's motion to dismiss]" to "seek discovery . . . in the event the Court agrees with Moody's point of view regarding *prima facie* personal jurisdiction." *See* Def. Mem. Exh. A.[5] Less than 10 minutes after Plaintiff's counsel sent that email, Moody's counsel acknowledged it, stating that "Moody's has not changed its position on personal jurisdiction." *Id.* Knowing the relief Plaintiff intended to seek, Moody's could have communicated its willingness to provide limited discovery in the absence of the stay – if that was its position – but did not do so. Thus, Plaintiff fairly understood that it had satisfied its obligation to meet and confer.

---

[4] The Court stayed "[a]ll fact an expert discovery in this matter, including all written discovery, depositions, and obligations to produce documents." [DE 95]

[5] In another part of the email, Plaintiff characterized the contingent discovery to be sought as "limited." *Id.*

- 4 -

### C. Plaintiff's Motion Is Sufficiently Specific

Moody's then complains that Plaintiff's motion "is defective because it fails to specify the information sought from Moody's." Def. Mem. at 3. This argument fails for two reasons.

First, in opposing Moody's motion to dismiss, Plaintiff did, to the extent possible, indicate the types of materials it would seek in discovery, should discovery become necessary. For example, Plaintiff wrote: "Although all [the] evidence [discussed in Plaintiff's opposition memorandum] is sufficient to demonstrate that Moody's was and is engaged in 'substantial and not isolated' business activity in Florida within the meaning of Fla. Stat. ch. 48.193(2), Eastern is confident that jurisdictional discovery would reveal an even broader range of business activities in Florida." Pl. Opp. Mem. at 119 (Dkt. No. 127). Plaintiff also wrote: "[J]urisdictional discovery would likely reveal additional business activities in Florida related to Plaintiff's claims. For example, should jurisdictional discovery become necessary, it could show that Moody's evaluated numerous mortgages on Florida homes, as well as loans originated by Florida-based mortgage lenders, in connection with rating the RMBS that comprised the rated CDO notes' collateral." *Id.* at 121-22.

Second, because the information Plaintiff seeks is contingent on any specific concerns expressed by the Court in reviewing Moody's motion to dismiss, Plaintiff *cannot* be any more specific about the information in question. Indeed, as noted above, Plaintiff does not believe it needs *any* jurisdictional discovery. If it is wrong, however, it will need guidance from the Court to determine the kind of additional information required.

### D. Plaintiff Has Sufficiently Explained How Discovery, If Necessary, Would Help Establish a *Prima Facie* Case of Personal Jurisdiction

Finally, Moody's is incorrect that Plaintiff "has not even attempted to explain how the discovery sought could help establish a *prima facie* case of personal jurisdiction over Moody's."

- 5 -

Def. Mem. at 4. As indicated above, Plaintiff is confident that, if limited jurisdictional discovery is necessary, it will reveal "an even broader range of [Moody's] business activities in Florida," thereby bolstering Plaintiff's already abundant evidence of the existence of both general and specific jurisdiction.

## II.   CONCLUSION

Accordingly, if, and only if, the Court concludes that the material Plaintiff has submitted to date is insufficient to satisfy its limited jurisdictional burden, Plaintiff respectfully requests that the Court permit it an opportunity to conduct jurisdictional discovery in an effort to satisfy the Court's concerns.

DATED: October 15, 2013

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
Florida Bar No. 984795
pgeller@rgrdlaw.com
JACK REISE
jreise@rgrdlaw.com
Florida Bar No. 058149


*/s/ Jack Reise*
JACK REISE

120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
srudman@rgrdlaw.com
MARK T. MILLKEY
mmillkey@rgrdlaw.com
ERIN W. BOARDMAN
eboardman@rgrdlaw.com
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON C. DAVIS
jdavis@rgrdlaw.com
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of October, 2013, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent electronically to the registered participants as identified on the attached Electronic Mail Notice List.

                                                          */s/ Jack Reise*
                                                          JACK REISE

**Mailing Information for a Case 0:12-cv-60430-JIC Space Coast Credit Union v. Merrill Lynch, Pierce, Fenner & Smith Incorporated et al**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Floyd Abrams**
  fabrams@cahill.com

- **Anastasia A. Angelova**
  angelovaa@gtlaw.com

- **Arminda B. Bepko**
  abepko@cgsh.com

- **Nathan J. Berkebile**
  nberkebile@ssbb.com

- **Erin W. Boardman**
  eboardman@rgrdlaw.com

- **Jonathan Cohen**
  jcohen@shutts-law.com

- **James J. Coster**
  jcoster@ssbb.com

- **David A. Coulson**
  coulsond@gtlaw.com,MiaLitDock@gtlaw.com,echeniquep@gtlaw.com,cruzm@gtlaw.com

- **Samuel Alberto Danon**
  sdanon@hunton.com

- **Jason C. Davis**
  jdavis@rgrdlaw.com

- **Justin DeCamp**
  decampj@sullcrom.com

- **Mark Jeffrey Dearman**
  mdearman@rgrdlaw.com,tseymore@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Marc T.G. Dworsky**
  Marc.Dworsky@mto.com

- **Richard A Edlin**
  edlinr@gtlaw.com

- **Joshua Benjamin Feinberg**
  joshua@malvinfeinberg.com

- **Amanda Star Frazer**
  af@lklsg.com,cod@lklsg.com

- **George M. Garvey**
  george.garvey@mto.com

- **Paul Jeffrey Geller**
  pgeller@rgrdlaw.com

- **Charles A. Gilman**
  cgilman@cahill.com

- **Robert J. Giuffra , Jr**
  giuffrar@sullcrom.com

- **Glenn E. Goldstein**
  goldsteing@gtlaw.com,FTLLitDock@gtlaw.com,depasqualem@gtlaw.com

- **Jason M. Hall**
  jhall@cahill.com

- **Jesse S Johnson**
  jjohnson@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Lawrence Allan Kellogg**
  lak@lklsg.com,cod@lklsg.com

- **Meredith E. Kotler**
  mkotler@cgsh.com

- **Corey Anthony Lee**

leec@hunton.com,christian.wrede@mto.com,kathleen.mcdowell@mto.com,yvonne.franklin@mto.com,mbardelas@hunton.com,aflynn@hunton.com

- **Aaron S. Lowenstein**
  aaron.lowenstein@mto.com

- **Sigrid Stone McCawley**
  smccawley@bsfllp.com,eperez@bsfllp.com,sperkins@bsfllp.com,mcalvin@bsfllp.com,clee@bsfllp.com,jcatania@bsfllp.com

- **Kevin P. McCoy**
  kmccoy@carltonfields.com,rosborne@carltonfields.com

- **Mark T. Millkey**
  mmillkey@rgrdlaw.com

- **John F. O'Sullivan**
  john.osullivan@hoganlovells.com,mmcloughlin@cahill.com,mbrennan@cahill.com,elena.rodriguez@hoganlovells.com,olga.garcia@hoganlovells.com,amintz@cahill.c

- **David R. Owen**
  dowen@cahill.com

- **Steven T. Rappoport**
  rappoports@sullcrom.com

- **Jack Reise**
  jreise@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **David A. Rosenfeld**
  drosenfeld@csgrr.com

- **Robert M. Rothman**
  rrothman@csgrr.com

- **Joshua M. Rubins**
  jrubins@ssbb.com

- **Samuel Joseph Salario , Jr**
  ssalario@carltonfields.com,bsickimich@carltonfields.com,tpaecf@cfdom.net

- **Matthew A. Schwartz**
  schwartzmatthew@sullcrom.com

- **Naushin F. Shibli**
  shiblin@sullcrom.com

- **Laura A. Zuckerwise**
  lzuckerwise@cgsh.com

**Manual Notice List**

The following is the list of parties who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)