UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. 0:12-cv-60430-COHN/SELTZER

SPACE COAST CREDIT UNION, as
Successor-in-Interest to EASTERN
FINANCIAL FLORIDA CREDIT UNION,

                       Plaintiff,

    vs.

THE MCGRAW HILL COMPANIES, INC.
(formerly d/b/a STANDARD & POOR'S
RATINGS SERVICES), MOODY'S
INVESTORS SERVICE, INC., J.P. MORGAN
SECURITIES INC. (f/k/a BEAR STEARNS &
CO., INC.), UBS SECURITIES LLC,
MERRILL LYNCH, PIERCE, FENNER &
SMITH INCORPORATED and BARCLAYS
CAPITAL INC.,

                       Defendants.

_____/

PLAINTIFF'S RESPONSE TO THE MCGRAW HILL COMPANIES, INC.'S
NOTICE OF FILING SUPPLEMENTAL AUTHORITY

Plaintiff Space Coast Credit Union ("Plaintiff"), the successor in interest to Eastern Financial Credit Union, respectfully submits this response to the McGraw Hill Companies, Inc.'s Notice of Filing Supplemental Authority [DE 149] (the "Notice").  The supplemental authority in question is the United States Supreme Court's decision in *Atlantic Marine Construction Co. v. United States District Court*, 571 U.S. __ (2013), decided on December 3, 2013.[1]

1.  In *Atlantic Marine*, the Supreme Court addressed the appropriate procedural mechanism for enforcing a forum-selection clause.  The Court rejected the argument that "such a clause may be enforced by a motion to dismiss under 28 U.S.C. §1406(a) [cure or waiver of defects] or Rule 12(b)(3) of the Federal Rules of Civil Procedure [improper venue]." *Atlantic Marine* at 1.  "Instead, a forum-selection clause may be enforced by a motion to transfer under §1404(a) [change of venue] . . . ." *Id.*

2.  Although McGraw Hill does not acknowledge so in the Notice, it brought its motion to dismiss under both Rule 12(b)(6) ***and*** Rule 12(b)(3) – the very subject of the *Atlantic Marine* decision.  *See* Defendant the McGraw-Hill Companies, Inc.'s Motion to Dismiss the Amended Complaint and Memorandum of Law [DE 114] at 1 (seeking an order of dismissal "pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6)").[2]  To the extent McGraw Hill premised its forum-selection clause defense on Rule 12(b)(3) (as opposed to Rule 12(b)(6)) – which appears likely since Rule 12(b)(3) addresses the proper forum and Rule 12(b)(6) does not – the Supreme

---

[1]  *Atlantic Marine* is attached as Exhibit A to the Notice.

[2]  The Notice refers only to Rule 12(b)(6), not Rule 12(b)(3): "Pending before this Court are motions seeking dismissal of the Amended Complaint pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) . . . ." Notice ¶1.

Court has now made it clear that McGraw Hill's chosen vehicle for asserting that defense is improper.

3. Although the Supreme Court declined to address whether Rule 12(b)(6) would be an appropriate vehicle for enforcing a forum-selection clause, the Court's language suggests that it would not. *See Atlantic Marine* at 11 ("**Even if** a defendant could use Rule 12(b)(6) to enforce a forum-a selection clause, that would not change our conclusions that §1406(a) and Rule 12(b)(3) are not proper mechanisms to enforce a forum-selection clause . . . .") (emphasis added).

4. Although *Atlantic Marine* likely forecloses McGraw Hill's forum-selection clause defense on a motion to dismiss, McGraw Hill cites the decision because the Court held that, on a motion brought under §1404(a), "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atlantic Marine* at 1; *see also* Notice ¶2.

5. This language is, however, irrelevant to McGraw Hill's motion to dismiss for two reasons. First, as just noted, McGraw Hill brought its motion under Rules 12(b)(3) and 12(b)(6), not under §1404(a). Rule 12(b)(3) is an improper vehicle for asserting a forum-selection clause defense, and Rule 12(b)(6) appears likely to be, also.

6. Second, and more importantly, Plaintiff has never contested the enforceability of an *applicable* forum-selection clause. Its argument, rather, is that the forum-selection clause in the Subscription Agreement does not, by its very terms, apply: "The parties hereto, their successors and assigns, consent to the exclusive jurisdiction of any courts located in New York, for the resolution of any disputes *arising from or related to this Agreement*." Owen Decl. [DE 57 and DE 114] Exh. A ¶11.

7. Plaintiff will not repeat the arguments it has already made in its Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss the Amended Complaint [DE 127] ("Plaintiff's Omnibus Memorandum"), except to note that the Amended Complaint [DE 103] neither refers to the Subscription Agreement nor asserts a claim for breach of contract. Indeed, the Subscription Agreement has no bearing on Plaintiff's claims whatsoever. Because those claims neither arise from nor relate to the Subscription Agreement in any way, the forum-selection clause therein simply does not apply. *See generally* Plaintiff's Omnibus Memorandum at 108-12 (and authority cited therein).

8. For all the above reasons, Plaintiff respectfully submits that, to the extent *Atlantic Marine* is relevant at all, it requires this Court to reject McGraw Hill's forum-selection clause defense because it is premised on an improper procedural vehicle, Rule 12(b)(3).

DATED:  December 5, 2013

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
Florida Bar No. 984795
pgeller@rgrdlaw.com
JACK REISE
jreise@rgrdlaw.com
Florida Bar No. 058149

*/s/ Jack Reise*
JACK REISE

120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
srudman@rgrdlaw.com
MARK T. MILLKEY
mmillkey@rgrdlaw.com
ERIN W. BOARDMAN
eboardman@rgrdlaw.com
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON C. DAVIS
jdavis@rgrdlaw.com
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of December, 2013, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

*/s/ Jack Reise*
JACK REISE
