UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:12-cv-60430-COHN/SELTZER

SPACE COAST CREDIT UNION, as
Successor-in-Interest to EASTERN
FINANCIAL FLORIDA CREDIT UNION,

        Plaintiff,

v.

THE MCGRAW HILL COMPANIES, INC.
(formerly d/b/a STANDARD & POOR'S
RATING SERVICES), MOODY'S
INVESTORS SERVICE, INC., J.P. MORGAN
SECURITIES INC. (f/k/a BEAR STEARNS &
CO., INC.), UBS SECURITIES LLC,
MERRILL LYNCH, PIERCE FENNER &
SMITH INCORPORATED, MERRILL
LYNCH CREDIT CORPORATION and
BARCLAYS CAPITAL INC.,

        Defendants.

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Moody's Investors Service, Inc. ("Moody's") respectfully submits this Notice of Supplemental Authority to bring to the Court's attention a recent opinion of the United States Supreme Court regarding general jurisdiction. *See Daimler AG v. Bauman*, --- S. Ct. ----, 2014 WL 113486 (Jan. 14, 2014) (Ex. A). *Daimler*, which is now the touchstone for any general jurisdiction analysis, rejects each of Plaintiff's contentions in favor of general jurisdiction and conclusively forecloses any argument that general jurisdiction over Moody's exists in Florida.

*Daimler* considered whether a car manufacturer, DaimlerChrysler Aktiengesellschaft ("Daimler"), was subject to general jurisdiction in California based on the forum contacts of its subsidiary, Mercedez-Benz USA LLC ("MBUSA"), which sold Daimler's cars in the forum. 2014 WL 113486, at *3. MBUSA's sales of Daimler's cars – amounting to roughly $4.6 *billion* in a single year – constituted 2.4% of Daimler's worldwide sales. *See id.* at *5; *see also id.* at *16 (Sotomayor, J., concurring). In addition, MBUSA had "multiple California-based facilities," including a regional office in the state. *Id.* at *5. Assuming that all of MBUSA's forum contacts were attributable to Daimler, the Court held that such contacts were "plainly" not sufficient to render Daimler subject to general jurisdiction in the forum. *Id.* at *11 & n.19.

In reaching this holding, the Court rejected each of the arguments advanced by Plaintiff here in favor of general jurisdiction. The plaintiffs in *Daimler*, like Plaintiff here, rested its jurisdictional argument on the assertion that the defendant had ongoing business contacts with the forum or otherwise engaged in "continuous and systematic" activities in the state. *See* Pl.'s Br., Docket No. 115-117, 127. *Daimler* explicitly rejected these tests. *See* 2014 WL 113486, at *11 (rejecting the plaintiffs' argument that general jurisdiction was present because the defendant engaged in a "substantial, continuous, and systematic course of business" in the forum); *id.* at *11 n.18 & *12 n.20 (rejecting assertion that the "at home" test is synonymous with a "doing business" test). Instead, the Court made clear, the primary question is whether the forum is the defendant's principal place of business or its state of incorporation. *See id.* at *12. If the answer to those questions is no, *Daimler* holds, then a defendant *might* be subject to general jurisdiction *only* in an "exceptional case" where a corporation's contacts render it "at home" in the forum -- *i.e.*, where the defendant effectively operates a "domestic enterprise"

2

within the state. *See id.* at *9 n.11 & *11 n.19. MBUSA's contacts with California, the Court noted, "plainly d[id] not approach this level." *Id.* at *11 n.19.

*Daimler* squarely resolves the general jurisdiction issue raised by Moody's motion to dismiss. *See* Docket No. 115. Florida is not Moody's principal place of business or its state of incorporation. Nor can there be any argument that this is the type of "exceptional case" contemplated by *Daimler* in light of the fact that Moody's forum contacts are far *less* substantial than those held in *Daimler* to be insufficient to establish general jurisdiction. For one thing, Moody's Florida-based revenues are far lower than those at issue in *Daimler*, both in absolute terms and as a percentage of worldwide revenues. *Compare* May Aff., Docket No. 115-2, ¶ 2 (noting Moody's average annual forum sales of $23.8 million, or 1.5% of worldwide revenues) *with* 2014 WL 113486, at *16 (noting $4.6 *billion* in annual forum sales, or 2.4% of Daimler's worldwide revenues). Moreover, while MBUSA had multiple facilities in California, including a regional office, Moody's has *no* offices in Florida. *See* Tice Aff., Docket No. 115-1, ¶ 2. In short, there is no way that this Court could, consistent with *Daimler*, exercise general jurisdiction over Moody's. As the Court suggested in *Daimler*, jurisdictional discovery is not necessary to reach this determination. *See* 2014 WL 113486, at *12 n.20 ("[I]t is hard to see why much in the way of discovery would be needed to determine where a corporation is at home."). Because specific jurisdiction over Moody's is similarly absent (*see, e.g.*, Docket No. 115 at 8-9), Moody's respectfully submits this Court should grant Moody's motion to dismiss for lack of personal jurisdiction.

Dated:   January 15, 2014

By: ___*s/Jonathan Cohen*___
Jonathan Cohen, Esquire
Florida Bar No. 384305
jcohen@shutts.com

SHUTTS & BOWEN, LLP
1500 Miami Center
201 South Biscayne Blvd.
Miami, Florida 33131
(305) 358-6300 Telephone
(305) 347-7873 Facsimile

And

James J. Coster, Esq.
Joshua M. Rubins, Esq.
James Doty, Esq.
Nathan J. Berkebile, Esq.
SATTERLEE STEPHENS BURKE
& BURKE, LLP
230 Park Avenue
New York, New York  10169
(212) 818-9200 Telephone
(212) 818-9606/7 Facsimile
jcostar@ssbb.com
jrubins@ssbb.com
jdoty@ssbb.com
nberkebile@ssbb.com
*Attorneys for Defendant,*
*Moody's Investors Service, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of January, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Jonathan Cohen
OF COUNSEL

# SERVICE LIST

Paul J. Geller, Esq.
Robbins Geller Rudman & Dowd LLP
120 East Palmetto Park Road
Suite 500
Boca Raton, FL, 33432
(561) 750-3000 Telephone
(561) 750-3364 Facsimile
*Attorneys for Plaintiff*


Samuel Alberto Danon
Corey Anthony Lee
Hunton & Williams
1111 Brickell Avenue
Suite 2500
Miami, FL 33131
305-810-2500
810-2460 (fax)
sdanon@hunton.com
leec@hunton.com

Marc T.G. Dworsky
George M. Garvey
Aaron S. Lowenstein
MUNGER, TOLLES & OLSON LLP
355 South Grand Ave., 35th Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5153
E-Mail: marc.dworsky@mto.com
E-Mail: george.garvey@mto.com
E-Mail: aaron.lowenstein@mto.com

*Attorneys for Defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated and Bank of America, N.A. (sued herein as Merrill Lynch Credit Corporation)*

Kevin P. McCoy
Samuel Joseph Salario, Jr.
Carlton Fields, P.A.
4221 W. Boy Scout Boulevard
Suite 1000
Tampa, FL 33607
813-229-4272
813-229-4133 (fax)
kmccoy@carltonfields.com
ssalario@carltonfields.com
*Attorneys for Defendants Wells Fargo Securities, LLC*


Lawrence Allan Kellogg
Levine Kellogg Lehman Schneider & Grossman LLP
Miami Center, 34th Floor
201 So. Biscayne Boulevard
Miami, FL 33131
305-403-8788
305-403-8789 (fax)
lak@lkllaw.com

Steven T. Rappoport, Esq.
Justin J. DeCamp, Esq.
Mathew A. Schwartz, Esq.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
rappoports@sullcrom.com
decampj@sullcrom.com
schwartzmatthew@sullcrom.com
*Attorneys for Defendant UBS Securities LLC*

**Sigrid Stone McCawley**
David Nelson
Boies Schiller & Flexner
401 E Las Olas Blvd
Suite 1200
Fort Lauderdale, FL 33301
954-356-0011
954-356-0022 (fax)
smccawley@bsfllp.com
dnelson@bsfllp.com

Meredith E. Kotler, Esq.
Arminda B. Bepko, Esq.
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
mkotler@cgsh.com
abepko@cgsh.com

*Attorneys for Defendant Barclays Capital Inc.*


Patricia M. Hynes
Todd S. Fishman
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6363
E-Mail: patricia.hynes@allenovery.com
E-Mail: todd.fishman@allenovery.com

*Attorneys for Richard S. Fuld*

**John F. O'Sullivan**
Hogan Lovells US LLP
Mellon Financial Center
1111 Brickell Avenue
Suite 1900
Miami, FL 33131
305-459-6651
459-6550 (fax)
john.osullivan@hoganlovells.com

CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, NY 10005
Telephone: (212) 701-3955
Facsimile: (212) 378-2429
David Owen (pro hac vice motion to be filed)
E-Mail: dowen@cahill.com
*Attorneys for Defendant The McGraw Hill Companies, Inc.*

**Jesse S Johnson**
**Jack Reise**
Robbins Geller Rudman & Dowd LLP
120 East Palmetto Park Road
Suite 500
Boca Raton, FL 33432
561-750-3000
750-3364 (fax)
jreise@rgrdlaw.com
jjohnson@rgrdlaw.com

**David A. Rosenfeld**
**Robert M. Rothman**
Robbins Geller Rudman & Dowd LLP
58 S Service Road, Suite 200
Melville, NY 11747
631-367-7100
367-1173 (fax)
drosenfeld@csgrr.com
rrothman@csgrr.com

2

**Darren J. Robbins**
**David C. Walton**
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Facsimile: (619) 231-7423

**Jason C. Davis**
ROBBINS GELLER RUDMAN & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Facsimile: (415) 288-4534

**David A. Coulson**
**Joshua B. Feinberg**
GREENBERG TRAURIG, P.A.
333 Avenue of the Americas
(333 SE 2nd Avenue) Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
CoulsonD@gtlaw.com
FeinbergJ@gtlaw.com

MIADOCS 8667335 1