UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. 0:12-cv-60430-COHN/SELTZER

SPACE COAST CREDIT UNION, as
Successor-in-Interest to EASTERN
FINANCIAL FLORIDA CREDIT UNION,

                Plaintiff,

vs.

THE MCGRAW HILL COMPANIES, INC.
(formerly d/b/a STANDARD & POOR'S
RATINGS SERVICES), MOODY'S
INVESTORS SERVICE, INC., J.P. MORGAN
SECURITIES INC. (f/k/a BEAR STEARNS &
CO., INC.), UBS SECURITIES LLC,
MERRILL LYNCH, PIERCE, FENNER &
SMITH INCORPORATED and BARCLAYS
CAPITAL INC.,

                Defendants.

_____/

PLAINTIFF'S RESPONSE TO MOODY'S
SECOND NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Space Coast Credit Union ("Plaintiff"), the successor in interest to Eastern Financial Credit Union ("Eastern"), respectfully submits this response to the Notice of Supplemental Authority [DE 157] (the "Notice") of defendant Moody's Investors Service, Inc. ("Moody's") on the subject of personal jurisdiction.

1.  The supplemental authority in question – the United States Supreme Court's decision in *Daimler AG v. Bauman*, --- S. Ct. ---, 2014 WL 113486 (Jan. 14, 2014)[1] – addresses only one of the two bases Plaintiff asserts for this Court's jurisdiction over Moody's: *general* jurisdiction. It has no bearing on Plaintiff's other argument, made in opposition to Moody's motion to dismiss, that the Court also has *specific* jurisdiction over Moody's under Florida law. *See* Plaintiff's Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss the Amended Complaint [DE 127] ("Pl. Omnibus Mem.") at 119-25.

2.  Specifically, *Daimler AG* addressed whether a federal court in California could exercise general jurisdiction over a German corporation for claims brought by residents of Argentina, involving alleged human rights violations committed by the corporation's Argentinian subsidiary, which took place entirely in Argentina. 2014 WL 113486, at *3.

3.  In *Daimler AG*, the Supreme Court expounded upon the meaning of the phrase "essentially at home," articulated in *Goodyear Dunlop Tires Operations, S.A. v. Brown*, in which the Court held that "[a] court may assert general jurisdiction over foreign . . . corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." 131 S. Ct. 2846, 2851 (2011).

---

[1] *Daimler AG* is attached as Exhibit A to the Notice.

4. *Daimler AG* clarifies that, in the ordinary case, a corporation's "place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" 2014 WL 113486, at *11 (citations omitted). However, the Court expressly left open "the possibility that . . . a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Id*. at *11 n.19. Indeed, the Court emphasized that "*Goodyear* did not hold that a corporation may be subject to jurisdiction *only* in a forum where it is incorporated or has its principle place of business; it simply typed those places paradigm all-purpose forums." *Id*. at *11 (emphasis in original). Thus, *Daimler AG* does not "conclusively foreclose[] any argument that general jurisdiction over Moody's exists in Florida," as Moody's contends. Notice at 1.

5. The Court concluded that "the inquiry under *Goodyear* is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so "continuous and systematic" as to render [it] essentially at home in the forum State.'" 2014 WL 113486, at *11 (quoting *Goodyear*, 131 S. Ct. at 2851).

6. While the Court did not find the defendant DaimlerChrysler Aktiengesellschaft ("Daimler") to be "at home" in the forum State, the facts of *Daimler AG* were very different from those here. In *Daimler AG*, residents of Argentina brought suit in a federal court in California against Daimler, a German corporation, alleging that Daimler's Argentinian subsidiary had engaged in human rights violations in Argentina. 2014 WL 113486, at *3. Thus, *Daimler AG* involved "a claim brought by foreign plaintiffs against a foreign defendant based on events occurring entirely outside the United States." *Id*.

7. Daimler's only contacts with California were those of Mercedes-Benz USA, LLC ("MBUSA"), "an indirect subsidiary of Daimler" (*id*. at *5) incorporated in Delaware with its principal place of business in New Jersey. MBUSA distributed Daimler-manufactured vehicles to dealerships throughout the United States, including California. *Id*. at *3. According to the General Distributor Agreement between Daimler and MBUSA, MBUSA was not a "general or special agent, partner, joint venturer or employee of DAIMLERCHRYSLER or any DaimlerChrysler Group Company," and MBUSA "ha[s] no authority to make binding obligations for or act on behalf of DAIMLERCHRYSLER or any DaimlerChrysler Group Company." *Id*. at *5.

8. The Court "assume[d] that MBUSA [was] at home in California" – although California was neither its place of incorporation nor its principal place of business – and assumed and that "MBUSA's contacts [were] imputable to Daimler." *Id*. at *11. Nonetheless, the Court found that "Daimler's slim contacts with the State hardly render[ed] it at home there." *Id*. Thus, the Court concluded that the Ninth Circuit had erred in holding that "Daimler, even with MBUSA's contacts attributed to it, was at home in California, and hence subject to suit there on claims by foreign plaintiffs having nothing to do with anything that occurred or had its principal impact in California." *Id*. at *12.

9. By contrast, as set forth in Pl. Omnibus Mem. at 114-19, 125-29, Moody's contacts with Florida are substantial enough to render it essentially at home there. Briefly summarized, those contacts include:

- Moody's currently rates a total of **441** Florida organizations – including the State of Florida itself. *See* Reise Decl. [DE 130] Exh. 1; *see also* Pl. Omnibus Mem. at 116.

- A search of Moody's website for Florida-related research materials returns **36,699** results. *See* Pl. Omnibus Mem. at 116.

- During the years 2006 through 2012, Moody's earned an average of ***$23.8 million per year*** in revenues from Florida customers.  *See* May Aff. [DE 115-2 ¶2]; *see also* Pl. Omnibus Mem. at 117.

- Moody's actively solicits business in Florida by sending Moody's representatives to Florida to attend conferences (many of which are also sponsored by Moody's) and give presentations touting Moody's ratings business.  *See* Reise Decl. Exhs. 7-13.

Such contacts plainly satisfy the requirements of Florida's long arm statute, which provides that general jurisdiction exists over a defendant that "is engaged in substantial and not isolated activity" in the forum, irrespective of "whether or not the claim arises from that activity."  Fla. Stat. ch. 48.193(2).

10.     Lastly, as noted above, the plaintiffs in *Daimler AG* relied solely on general jurisdiction, "given the absence of any California connection to" the claims.  2014 WL 113486, at *3.  Here, by contrast, Plaintiff – a Florida resident that was injured in Florida – has also demonstrated the existence of specific jurisdiction over Moody's in Florida.  *See* Pl. Omnibus Opp at 119-25.

11.     For all of the above reasons, Plaintiff respectfully submits that *Daimler AG v. Bauman* is not in any way inconsistent with this Court's exercise of general jurisdiction over Moody's in this case.  In any event, the Court also has specific jurisdiction over Moody's.

DATED:  January 17, 2014

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
Florida Bar No. 984795
pgeller@rgrdlaw.com
JACK REISE
jreise@rgrdlaw.com
Florida Bar No. 058149

*/s/ Jack Reise*
JACK REISE

120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
srudman@rgrdlaw.com
MARK T. MILLKEY
mmillkey@rgrdlaw.com
ERIN W. BOARDMAN
eboardman@rgrdlaw.com
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON C. DAVIS
jdavis@rgrdlaw.com
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of January, 2014, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

/s/ Jack Reise
JACK REISE